UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEVON J. HYPES,<br><br>Plaintiff,<br><br>v.<br><br>NATALIE SHIFFLET *et al.*,<br><br>Defendants. | CAUSE NO. 1:26cv545 DRL-SJF |

OPINION AND ORDER

Devon J. Hypes, a prisoner without a lawyer, filed a vague complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Hypes alleges that he was disciplined for assisting another inmate, Aaron McNutt, with legal documents. He claims that he submitted grievances about his First Amendment rights, but "keep[s] getting excuses" from Captain Josh Carpenter and Lieutenant Zach Shifflet. He claims that a rule was set in place that he and Mr. McNutt are not allowed to communicate with each other, and that Captain Capenter and Lieutenant Shifflet told him that the purpose of the rule is to keep him and Mr. McNutt from harassing each other.

Mr. Hypes' complaint is too vague to state a claim. The complaint is short on any specifics that would tie the three named defendants to any violation of Mr. Hypes' constitutional rights. Mr. Hypes does not specify who disciplined him, what he was disciplined for, what type of discipline he received, or who instituted the rule that he could not communicate with Mr. McNutt. He names Sergeant Natalie Shifflet as a defendant, but his only allegation against her is that she is married to Lieutenant Shifflet. His only allegations against Lieutenant Shifflet and Captain Carpenter are that they have not satisfactorily responded to his grievances or explained the basis of the rule separating him from Mr. McNutt.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader,

*might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This complaint does not state a claim for which relief can be granted. If Mr. Hypes believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Devon J. Hypes until **December 1, 2026**, to file an amended complaint; and

(2) CAUTIONS Devon J. Hypes if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief may be granted.

SO ORDERED.

November 3, 2026

*s/ Damon R. Leichty*
Judge, United States District Court